# IN THE COURT OF APPEALS OF IOWA

No. 24-0128
Filed November 13, 2024

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**RANDY LEE NIBAUR,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Floyd County, Blake H. Norman (plea) and DeDra Schroeder (sentencing), Judges.

　　Randy Nibaur appeals his conviction and sentence for sexual abuse in the third degree. **AFFIRMED.**

　　Travis M. Visser-Armbrust (until withdrawal) of TVA Law PLLC, Sheldon, Jane White of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

　　Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge**

Following allegations that he sexually abused his granddaughter numerous times while babysitting her, Randy Nibaur pleaded guilty to sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(2)(d) (2021). He was given an indeterminate ten-year prison sentence. On appeal, he argues his conviction should be reversed because (1) no factual basis exists for his guilty plea; and (2) he did not knowingly plead guilty and should have been given an opportunity to withdraw his plea. Additionally, he argues the district court abused its discretion by sentencing him to a prison term.

After our independent review of the record, we affirm.

## I. Background Facts and Proceedings

From 2018 to 2021, Randy Nibaur regularly babysat his granddaughter at his apartment in Charles City while her mother worked during the day. The child was born on November 16, 2016. After the child and her mother moved to Anoka, Minnesota in 2022, the child disclosed to her mother that Nibaur had sexually assaulted her several times at his apartment. Nibaur touched the child's vagina and buttocks with his penis on multiple occasions.

After the mother disclosed the child's allegations to the Anoka County Sheriff's Office, the allegations were communicated to the Charles City Police Department. The police investigated the allegations, which resulted in Nibaur's arrest on March 1, 2023. Nibaur was charged by trial information with sexual abuse in the second degree, in violation of Iowa Code section 709.3. The State subsequently motioned to amend the trial information, indicating the parties had entered into a plea agreement in which Nibaur agreed to plead guilty to sexual

abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(2)(d). At a pretrial hearing, Nibaur entered an *Alford* plea.[1] He was sentenced to prison for an indeterminate ten-year term.

On appeal, Nibaur contends his conviction should be reversed because (1) no factual basis exists for his guilty plea; and (2) he did not knowingly plead guilty. Lastly, he argues the district court abused its discretion by sentencing him to a prison term.

## II. Standard of Review

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Hanes*, 981 N.W.2d 454, 458 (Iowa 2022) (citation omitted). Additionally, "[w]e review challenges to sentences within the statutory limits for an abuse of discretion." *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (cleaned up). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

## III. Jurisdiction

Before beginning our analysis, we must ensure Nibaur has established good cause for this appeal. "A defendant generally has no right to appeal from a guilty plea unless 'the defendant establishes good cause.'" *State v. Pearson*, No. 21-1549, 2022 WL 3066078, at *1 (Iowa Ct. App. Aug. 3, 2022) (quoting Iowa Code § 814.6(1)(a)(3)). If a defendant fails to establish good cause, we lack

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 32–38 (1970) (holding a defendant may consent to conviction and the imposition of a sentence even if he is unable or unwilling to admit his participation in the acts constituting the crime).

jurisdiction over the appeal. *See State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024) (finding court lacked jurisdiction to hear appeal because the defendant did not establish good cause).

We agree with Nibaur that he has established good cause to appeal. Along with his challenges to his guilty plea, Nibaur challenges his *sentence*. A challenge to the underlying sentence can establish good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding a defendant can establish good cause by challenging his sentence and not the plea itself).[2] "However, good cause to challenge a sentence is generally limited to a sentence that is neither mandatory nor agreed to as part of the plea agreement." *State Kessler*, No. 22-1388, 2023 WL 3088308, at *1 (Iowa Ct. App. Apr. 26, 2023). Here, Nibaur's sentence was neither mandatory nor agreed upon. Thus, he has established good cause for his sentencing challenge. And because we have jurisdiction over his sentencing challenge, we also have jurisdiction over his challenges to his guilty plea. *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023) ("Once good cause is established under section 814.6(1)(a)(3) as to one issue, we have *jurisdiction* over the entire appeal.").

## IV. Analysis

### A. Factual Basis for Plea Agreement

Nibaur notes he pleaded guilty to sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(2)(d). To be found guilty under this

---

[2] This rule holds true even if a defendant enters an *Alford* plea. *See State v. Phillips*, 996 N.W.2d 419, 421 (Iowa Ct. App. 2023) (finding defendant established good cause despite *Alford* plea because she challenged her sentence rather than her guilty plea).

statute, the State is required to prove the victim "is fourteen or fifteen years of age." Iowa Code § 704.9(1)(b)(2). Here, the record establishes the victim was born in 2016. Simple math shows the victim could not have been fourteen or fifteen when the alleged sexual abuse occurred. Thus, Nibaur argues no factual basis for his guilty plea exists.

Unfortunately, we lack authority to reach the merits of his argument. Iowa Rule of Criminal Procedure 2.24(3)(a)(2) provides "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." *See also Rutherford*, 997 N.W.2d at 146–47. Nibaur failed to file a motion in arrest of judgment with the district court. The only exception to this rule available to defendants on direct appeal is "where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

After Nibaur entered his *Alford* plea at the pretrial conference, the district court said:

> Sir, if you wish to contest the legality of the plea proceedings, you must do so by filing a motion in arrest of judgment with the clerk of the court within forty-five days of today's date, but not less than five days before the date of sentencing. If you fail to timely file such a motion, you'll be giving up that opportunity to appeal based on the errors we may have made here today.

This warning complied with the district court's duty to give an adequate warning of the consequences of failure to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d)(1)–(3) (providing the contents of the warning the district court must provide to defendants regarding failure to file an arrest of judgment after plea

proceedings). Because Nibaur failed to file a motion in arrest of judgment and was adequately advised of the consequences of failure to do so, we lack the authority to reach the merits of his argument. *See Rutherford*, 997 N.W.2d at 148 (finding the court lacked the authority to decide the defendant's challenge to his guilty plea because he failed to file a motion in arrest of judgment and was adequately warned of the consequences of failing to do so).[3]

### B. Knowingness of the Plea

Next, Nibaur asserts his conviction should be set aside because he did not knowingly plead guilty. He claims the district court incorrectly told him he could possibly receive a suspended sentence. Because of the district court's alleged error, Nibaur contends he did not fully understand the consequences of pleading guilty. Thus, he claims he should have been given an opportunity to withdraw his plea.

While sympathetic to Nibaur's claim, because he did not file a motion in arrest of judgment and was adequately advised of the consequences of failure to do so, we similarly lack the authority to reach the merits of this claim. *See id.*

### C. Sentencing Claim

Finally, Nibaur contends the district court abused its discretion by sentencing him to prison. In support of his argument, Nibaur claims he is not a danger to the public because he is unlikely to reoffend. He notes he has health issues "related to his back which has required several surgeries." Additionally, he

---

[3] Nibaur may raise this claim under an ineffective-assistance-of-counsel framework in a possible postconviction proceeding. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (noting defendant could challenge his guilty plea in a postconviction proceeding).

asserts he is primarily responsible for the care of his elderly parents. He contends his absence "would be devastating to them." For these reasons, he argues the district court's decision to sentence him to prison was an abuse of discretion. We disagree.

Due to the discretionary nature of sentencing, we afford wide latitude to the district courts in reaching a sentencing determination. *See State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). When a sentencing decision is within the statutory limits, it is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

In reaching its sentencing determination, the district court stated:

> The laws of Iowa require that the Court impose a sentence that provides for rehabilitation, protects the community, and deters others from committing these types of offenses.
> I look at a lot of different things in determining an appropriate sentence. I look at a person's age. I look at their work history, their family circumstances, any criminal history.
> It appears that this defendant has a supportive family. He's not currently employed. I don't see a criminal history to speak of at all. He's an older gentleman.
> I look at the nature of the offense, which obviously this is a sex abuse third. We have a child victim, grandchild, that Mr. Nibaur was babysitting when these events occurred.
> I look at the defendant's attitude regarding this case. I look at the recommendations of the presentence investigation and everything I learned about these—this circumstance through that.
> I listen to the arguments made by both of the attorneys and the witness statements and affidavits that I've marked in as received.
> All of those things tell me that the following sentence is appropriate: Mr. Nibaur will be sentenced to an indeterminate sentence not to exceed ten years in the Iowa prison system.

In its reasoning on the record, the district court expressly considered the opportunity for rehabilitation and the need to protect the public from similar offenses in the future. *See* Iowa Code § 901.5. The district court considered the

nature of the offense, the attending circumstances, the defendant's age, character and propensity, and chances of reform. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (setting forth factors district courts are to consider in reaching sentencing determinations). We think it is clear the district court also considered mitigating factors. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) ("A sentencing court has a duty to consider *all* the circumstances of a particular case" (emphasis added)).

That the district court may have been justified in granting a suspended sentence does not mean it abused its discretion by imposing a sentence of incarceration. *See Formaro*, 638 N.W.2d at 725 ("It is clear that the district court in this case would have been justified in granting probation to [the defendant]. However, it is equally clear under our standard of review that the district court was justified in imposing incarceration."). Accordingly, we find no abuse of discretion.

## V. Conclusion

We affirm Nibaur's conviction, finding we lack authority to consider his challenges to his guilty plea. Additionally, we find the district court did not abuse its discretion in imposing a sentence of incarceration.

**AFFIRMED.**